**Alperin Law, PLLC**
David Ashe, Esq.
david.ashe@alperinlaw.com
500 Viking Drive, 2nd Floor
Virginia Beach, Virginia 23452
*Attorney for Plaintiff*,
Stacey Roberts

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| STACEY ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL DEBT MEDIATION, INC.,<br><br>Defendant. | Case No.:   3:21cv559<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a debt collector who attempted to continue to collect an amount from a consumer even after the consumer sent written correspondence refusing to pay the alleged debt.

2. **STACEY ROBERTS** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, injunctive relief, restitution, attorneys fees, and costs, against **PROFESSIONAL DEBT MEDIATION, INC.** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

ALPERIN LAW, PLLC
500 VIKING DRIVE, 2ND FLOOR
VIRGINIA BEACH, VIRGINIA 23452

8. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. The FDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *McLean v. Ray* (4th Cir. 2012) *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011);

*Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

12. To further protect consumers, claims under the FDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Russell v. Absolute Collection Servs., Inc*., 763 F.3d 385 (4th Cir. 2014); *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Russell* at 395; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

13. Plaintiff is a natural person who resides in the County of King William, State of Virginia. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant Professional Debt Mediation, Inc. (hereinafter "Defendant PDM") is a Florida corporation operating from an address of 8657 Baypine Rd Ste 201, Jacksonville, FL 32256, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Virginia. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

15. Plaintiff is an individual residing in the County of King William in the State of Virginia.
16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of Virginia.
17. Defendant's business consists solely of the collection of delinquent consumer debts.
18. Plaintiff sent a letter dated May 19, 2021 via USPS Certified Mail to Defendant refusing to pay the alleged debt.
19. On May 24, 2021, Plaintiff received confirmation from USPS that her letter was delivered to Defendant on May 24, 2021.
20. Plaintiff received written communication from Defendant dated May 27, 2021, confirming receipt of Plaintiff's letter and attempting to collect the debt from her.

## ACTUAL DAMAGES

21. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692C OF THE FDCPA

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

///

23. A debt collector violates § 1692c of the FDCPA when it, communicates with a consumer after the consumer notifies in writing that they refuse to pay or wish the debt collector to stop communicating.

24. Defendant violated §1692c of the FDCPA when it when it among other qualifying actions and omissions, willfully and without justification, communicated with Plaintiff after Plaintiff notified Defendant in writing, via USPS Certified Mail, that Plaintiff refused to pay the debt.

    a. The violative communications by Defendant were not to advise Plaintiff that further collection efforts were being terminated, were not to notify Plaintiff that Defendants may invoke specified remedies which are ordinarily invoked by Defendants and were not to notify Plaintiff that Defendants intended to invoke a specific remedy.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

   a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

   b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

   c) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and,

   d) Award to Plaintiff of such other and further relief as may be just and proper.

### TRIAL BY JURY IS DEMANDED

///
///
///
///
///

25. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**ALPERIN LAW, PLLC**

DATED: August 27, 2021

/s/ _____ .
David B. Ashe, Esq.
VSB 41259
Attorney for Plaintiff Stacey Roberts
Alperin Law PLLC
500 Viking Drive, 2nd Floor
757 490 3500
Fax 757 233 3600
david.ashe@alperinlaw.com